**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO OROSCO GARCIA, | No. 15-16836 |
| Petitioner-Appellant, | D.C. No. 1:08-cv-01819-AWI-SAB |
| v. | |
| M. S. EVANS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 18, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Francisco Orosco Garcia ("Garcia") appeals the district court's denial of his

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

First, the trial court's use of modified jury instruction CALJIC No. 3.16 did not result in a directed jury verdict against Garcia. The jury was not instructed that Garcia was either a "principal" or an "aider and abettor" as a matter of law. Rather, the jury was instructed that if the crimes were committed, Garcia was an "accomplice" as a matter of law. An "accomplice" was defined as a person who was "subject to prosecution" for the offense *if* he had aided or abetted the crime or was part of a conspiracy to commit the crime. Accordingly, CALJIC No. 3.16 instructed the jury that Garcia was subject to prosecution, and not that Garcia was necessarily guilty of the offenses. Garcia also points to CALJIC No. 3.14, which provides that a person who assents to, aids, or assists in a crime without knowledge of its unlawful purpose cannot be prosecuted as an accomplice. However, CALJIC No. 3.14 does not define an accomplice to be any person who assents to, aids, or assists in a crime with knowledge of unlawful purpose. Fairminded jurists could disagree about whether use of CALJIC No. 3.16 by itself or in conjunction with CALJIC No. 3.14 resulted in a directed guilty verdict against Garcia. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." (internal quotation marks omitted)).

Second, Garcia's opening brief discusses one issue not certified on appeal: whether the district court's denial of his request to amend his petition to include a claim of actual innocence was rendered in error. We construe briefing on an uncertified issue as a motion to expand the certificate of appealability ("COA"). *See* 9th Cir. R. 22-1(e).

Garcia does not dispute that the actual innocence claim was not raised before the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), had run on April 30, 2009. Garcia argues that his claim should be considered on the merits under the "actual innocence" exception established by *Schlup v. Delo*, 513 U.S. 298 (1995).

Garcia has not demonstrated that in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See id.* at 327. Declarations are not a strong form of evidence because "the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *See Herrera v. Collins*, 506 U.S. 390, 417 (1993). Moreover, Garcia's convictions were supported by substantial testimony and physical evidence presented at trial. Garcia has failed to make the

credible showing of actual innocence needed to excuse him from AEDPA's statute of limitations.

Accordingly, Garcia has not made a substantial showing of the denial of a constitutional right, as required to expand the COA. *See* 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**